**The document below is hereby signed.**

**Dated: September 12, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA
```

|  |  |
|---|---|
| ELLIPSO, INC., | ) |
| Debtor. | ) Case No. 09-00148 |
| _____ | ) (Chapter 11) |
| ADHOC CREDITORS COMMITTEE, | ) |
| Plaintiff, | ) |
|  | ) Adversary Proceeding No. |
| v. | ) 11-10008 |
| LINDA AWKARD, *et al.*, | ) |
|  | ) **Not for publication in** |
| Defendants. | ) **West's Bankruptcy Reporter** |

```
      MEMORANDUM DECISION RE MOTION OF PLAINTIFF,
   ADHOC CREDITORS COMMITTEE FOR RECONSIDERATION OF
  THE COURT'S ORDER DISMISSING THIS ADVERSARY PROCEEDING
   AND FOR LEAVE TO PROSECUTE THIS ADVERSARY PROCEEDING
```

The Ad Hoc Creditors' Committee[1] seeks reconsideration of the order dismissing this adversary proceeding and for leave to prosecute the proceeding. With respect to reconsideration of the dismissal, the motion does not set forth any justification for

---

[1] The movant has not filed a verified statement pursuant to Fed. R. Bankr. P. 2019(a) setting forth its authorization to act on behalf of the creditors it purports to represent. Nevertheless, for ease of reference I will refer to the movant as the Ad Hoc Committee.

having failed to oppose the motion to dismiss other than contending that the defendants' motion to dismiss was untimely. Pursuant to Fed. R. Bankr. P. 7012, a motion to dismiss for failure to state a claim upon which relief can be granted must be filed before the deadline to file an answer.  Under Fed. R. Bankr. P. 7012(a), the deadline for filing an answer is 30 days after the issuance of a summons.  The clerk issued the summons in this adversary proceeding on March 4, 2011.  April 3, 2011, was the date 30 days after the issuance of the summons.  The defendants filed their motion to dismiss on April 4, 2011.  Under Fed. R. Bankr. P. 9006(a), however, in computing deadlines provided under the Rules to file documents, when the last day to file a document falls on a weekend or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  The 30th day falling on Sunday, April 3, 2011, the plaintiff's April 4, 2011, motion to dismiss was timely.  The Committee having failed to file an opposition, the defendants' motion to dismiss was properly granted.

Further, reconsideration is inappropriate in any event because the Committee lacks authority to pursue this adversary proceeding.  As previously noted, the Committee has not yet been properly formed under Rule 2019(a).  Moreover, the Committee has not properly sought leave of court to pursue the action.  Section

548 avoidance actions belong to the trustee of the estate. Although bankruptcy courts have recognized an implied, derivative right under 11 U.S.C. §§ 1103(c)(5) and 1109(b) for creditors' committees to assert these claims, *see, e.g.*, *In re Adelphia Comms. Corp.*, 544 F.3d 420, 423-24 (2d Cir. 2008), they may only do so when the trustee is "unwilling or unable to do so," *see In re Racing Services, Inc.*, 540 F.3d 892, 898 (3d Cir. 2008) (citing circuits so holding), or "with the consent of either the debtor-in-possession or trustee, or when the committee acts as co-plaintiff with the debtor-in-possession or trustee." *Adelphia*, 544 F.3d at 424.  Creditors wishing to pursue avoidance actions must first seek leave of court.  Leave must be sought by way of motion in the main case, *In re Grand Eagle Cos.*, 310 B.R. 79, 85 (Bankr. N.D. Ohio 2004) (overturned on other grounds, *Off. Comm. Unsecured. Creds. of Eagle Co. Inc. v. Asea Brown Boveri, Inc.*, 313 B.R. 219 (N.D. Ohio 2004)), and must be "supported by competent evidence, for example, in the form of affidavits or through oral testimony at an evidentiary hearing," *Racing Services,* 540 F.3d at 900 n.8 (citing *In re STN Enters.*, 779 F.2d 901, 905 (2d Cir. 1985)).

    The Committee did not seek leave of court prior to commencing this adversary proceeding.  Indeed, as of the date of this decision, the Committee has yet to file a motion in main case seeking authorization to pursue this action.  Instead, the

3

Committee has requested leave in its motion to reconsider the order dismissing this adversary proceeding. A request for leave contained within a motion to reconsider, unfiled in the main case and without notice under LBR 9013-1 alerting creditors, the trustee, the United States Trustee, and the debtor that they have the opportunity to oppose the request for authority to pursue the claim in this adversary proceeding, is not appropriate. Rather, the Committee should have filed its request for leave in the main case, as a contested matter, with the attendant procedural protections afforded to parties in interest. Without leave of court having been granted, the Committee lacks standing to pursue this adversary proceeding and, thus, reconsideration is pointless.

    A separate order follows.

                                             [Signed and dated above.]

Copies to: All counsel of record.